**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**


TIMOTHY G. WIBLE,                          DOCKET NUMBER
                  Appellant,              DC-1221-13-2002-W-1

          v.

DEPARTMENT OF THE AIR FORCE,               DATE:  January 18, 2024
                  Agency.


# THIS ORDER IS NONPRECEDENTIAL[1]


Timothy G. Wible, APO, APO/FPO Europe, pro se.

Brian R. Hurey, Esquire, Jason A. VanWagner, and Mackenzie B. Coy,
    Joint Base Andrews, Maryland, for the agency.


**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member


**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his individual right of action (IRA) appeal. For the reasons discussed below, we GRANT the appellant's petition for review, AFFIRM the initial decision's finding that, although the appellant administratively exhausted seven personnel actions and eight protected

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

disclosures, certain other personnel actions were not exhausted, AFFIRM the initial decision's determination that the appellant established by preponderant evidence that he made protected disclosures that were contributing factors in the challenged personnel actions, REVERSE the initial decision's finding that the appellant did not administratively exhaust three disclosures made to the Office of Inspector General (OIG) in May and June 2012, FIND that the appellant nonfrivolously alleged that these three disclosures were protected and contributing factors in at least some of the personnel actions at issue in this case, VACATE the remainder of the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

In September 2011, the appellant was assigned to the position of Deputy Director, 48th Force Support Squadron, 48th Mission Support Group, 48th Fighter Wing, RAF Lakenheath, United Kingdom. Initial Appeal File (IAF), Tab 113 at 4. In late 2012, the agency ended his assignment to the United Kingdom and returned him to a position in the United States. *Id.* at 7.

The appellant filed a complaint with the Office of Special Counsel (OSC) on March 21, 2013. IAF, Tab 1, Volume II. In his OSC complaint, he alleged that, in reprisal for protected disclosures he made beginning in February 2012, the agency (1) threatened to curtail his overseas tour, (2) denied him a performance award, (3) placed him on administrative leave, (4) temporarily reassigned him, (5) suspended him for 7 days, (6) threatened again to curtail his overseas tour, (7) initiated several investigations targeting him, and (8) reassigned him from his assignment in the United Kingdom to a position in the United States. *Id.* at 11. In addition to those acts of alleged whistleblower reprisal, the appellant also alleged in his OSC complaint that the agency had engaged in several other prohibited personnel practices. *Id.* at 6.

On June 20, 2013, OSC issued a letter closing out its investigation and notifying the appellant of his right to file an IRA appeal. IAF, Tab 1, Volume I at 20. He timely filed this appeal on August 16, 2013. IAF, Tab 1, Volume I. He initially requested a hearing, *id.* at 3, but he later withdrew that request, IAF, Tab 121.

In her initial decision, the administrative judge[2] found that the appellant had exhausted his administrative remedies as to the eight allegedly retaliatory personnel actions enumerated in his OSC complaint and initial appeal. IAF, Tab 135, Initial Decision (ID) at 9. She found, however, that the appellant had not exhausted as to the additional alleged prohibited personnel practices he identified in his OSC complaint because he did not specifically identify those actions to OSC as alleged whistleblower reprisal. *Id.* The administrative judge further found that the appellant had not exhausted his administrative remedies as to any additional disclosures he made in complaints to the agency's OIG because he did not specifically identify those disclosures as whistleblowing disclosures protected under 5 U.S.C. § 2302(b)(8). ID at 10-11.

After finding that the appellant had established jurisdiction over his IRA appeal, ID at 13-15, the administrative judge found that the appellant proved by preponderant evidence that he made protected disclosures that were a contributing factor in the personnel actions at issue, ID at 15-18, thus establishing his prima facie case of whistleblower reprisal. The administrative judge also found, however, that the agency proved by clear and convincing evidence that it would have taken each of the personnel actions in the absence of the appellant's disclosures. ID at 19-40. She therefore denied the appellant's request for corrective action. ID at 41.

The appellant has timely filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. He argues that the administrative judge

---

[2] The appeal was reassigned to a different administrative judge in February 2016, IAF, Tab 51, approximately 6 months before the initial decision was issued, IAF, Tab 135, Initial Decision.

erred in finding that he failed to exhaust his claims regarding the additional disclosures to OIG. *Id.* at 6-7. He also argues that the administrative judge erred in failing to consider either the alleged retaliatory investigations or the denial of his grievance as separate personnel actions. *Id.* at 7-8. In addition, the appellant challenges the administrative judge's findings that the agency proved by clear and convincing evidence that it would have taken each of the personnel actions at issue in the absence of his protected disclosures. *Id.* at 9-23. The appellant also argues that the administrative judge made errors in her procedural and discovery-related rulings. *Id.* at 24-27. The agency has filed a response in opposition to the petition for review, PFR File, Tab 3, and the appellant has filed a reply, PFR File, Tab 4.

## ANALYSIS

### The appellant did not make an informed decision to withdraw his request for a hearing.

The appellant withdrew his hearing request and requested a decision on the written record on June 27, 2016, two days before the scheduled hearing. IAF, Tabs 112, 121. In withdrawing his hearing request, the appellant cited a number of factors. First, he cited the administrative judge's failure to suspend case processing in light of the agency's production of documents in discovery shortly before the scheduled hearing date.[3] IAF, Tab 121 at 4. He also cited the administrative judge's denial of his request to conduct self-recorded oral depositions. *Id.* However, he indicated that in light of the parties' stipulations, along with the evidence already in the record and the opportunity to submit a sworn statement, he believed there were sufficient undisputed material facts before the Board to make a finding of retaliation without a hearing. *Id.* In an order issued the following day, the administrative judge indicated that the

[3] On May 27 and June 8, 2016, the appellant requested that the administrative judge suspend case processing in light of the difficulty he was having obtaining and reviewing discovery documents from the agency. IAF, Tabs 93, 108. The administrative judge denied both requests. IAF, Tabs 96, 112.

appellant's pleading withdrawing his hearing request had misstated the status of the parties' stipulations. IAF, Tab 122 at 1. She therefore gave the appellant until later the same day to rescind his withdrawal and proceed with a hearing. *Id.* The appellant filed a pleading later that day in response to the administrative judge's order, but he did not indicate that he wanted to go forward with the hearing. IAF, Tab 123.

An appellant before the Board has the right to withdraw his request for a hearing; however, there is a strong policy in favor of granting an appellant a hearing on the merits of his case, and therefore, withdrawal of a hearing request must come by way of clear, unequivocal, or decisive action. *Pariseau v. Department of the Air Force*, 113 M.S.P.R. 370, ¶ 9 (2010); *Conant v. Office of Personnel Management*, 79 M.S.P.R. 148, 150 (1998). Further, the decision to withdraw a hearing request must be informed, i.e., the appellant must be fully apprised of the relevant adjudicatory requirements and options. *Pariseau*, 113 M.S.P.R. 370, ¶ 9.

Although the appellant's withdrawal of his hearing request was clear and equivocal, we find that it was not informed. An appellant's waiver of the right to a hearing is informed when he has been fully apprised of the relevant adjudicatory requirements and options in his case, including the right to request a postponement or continuance of the hearing and a dismissal of the appeal without prejudice to its timely refiling. *Conant*, 79 M.S.P.R. at 151. Here, the record reflects that the appellant was aware of his right to request a suspension of case processing. IAF, Tabs 93, 108. However, there is nothing in the record to indicate that the administrative judge apprised the appellant that he could request a dismissal without prejudice as an alternative to withdrawing his hearing request.[4] Therefore, given the strong policy in favor of granting an appellant a

---

[4] The lack of such notice is particularly significant here, wherein the appellant cited the administrative judge's refusal to suspend case processing as a significant factor in his decision to withdraw his hearing request.

hearing on the merits of his appeal, the appellant may be entitled to the hearing he initially requested and which he evidently still desires.

The appellant established Board jurisdiction over his alleged disclosures to OIG.

Under 5 U.S.C. § 1214(a)(3), an employee is required to exhaust his administrative remedies with OSC before seeking corrective action from the Board in an IRA appeal. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). The Board may consider only those disclosures of information and personnel actions that the appellant raised before OSC. *Id.* To satisfy the exhaustion requirement of 5 U.S.C. § 1214(a)(3), an appellant must have provided OSC with a sufficient basis to pursue an investigation into his allegations of whistleblower reprisal. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 7; *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. Generally, an appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint (including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations), and his written responses to OSC. *Skarada*, 2022 MSPB 17, ¶ 7; *Mason*, 116 M.S.P.R. 135, ¶ 8. Alternatively, an appellant may prove exhaustion though other sufficiently reliable evidence, such as an affidavit or declaration attesting that he raised with OSC the substance of the facts in his appeal. *Skarada*, 2022 MSPB 17, ¶ 7; *Chambers*, 2022 MSPB 8, ¶ 11.

Here, the administrative judge found that, although the appellant had exhausted his administrative remedies as to eight alleged protected disclosures, he failed to exhaust as to three additional disclosures made to OIG in May and June 2012 because he did not specifically identify those disclosures to OSC as whistleblowing disclosures under 5 U.S.C. § 2302(b)(8). ID at 10-11. The administrative judge acknowledged that information regarding the three additional disclosures were among the materials the appellant submitted to OSC, but she found that their inclusion "among the hundreds of pages of other documents he submitted to OSC" was insufficient to satisfy the exhaustion

requirement.  ID at 11.  She noted that the appellant had not included those OIG complaints among the list of eight protected disclosures he specifically identified in his complaint to OSC.  *Id.*[5]

Although the appellant did not specifically identify the three additional disclosures to OIG as alleged whistleblowing disclosures under 5 U.S.C. § 2302(b)(8), the labels he used are not determinative.  *See McCarthy v. Merit Systems Protection Board*, 809 F.3d 1365, 1375 (Fed. Cir. 2016) (noting that "the focus of the exhaustion requirement is on substance," rather than whether the appellant correctly affixed legal labels to the facts alleged).  The appellant provided information to OSC about the content of his complaints to OIG.  IAF, Tab 1, Volume II, OSC Tab A at 7-8; IAF, Tab 1, Volume II, OSC Tab C, Subtabs 44, 46.  He also alleged before OSC that his OIG complaints constituted protected disclosures that were the bases for at least some allegedly retaliatory personnel actions.  IAF, Tab 1, Volume II, OSC Tab B at 6-7.  This was sufficient for OSC to pursue an investigation into whether the agency violated 5 U.S.C. § 2302(b)(8) or (b)(9) by retaliating against the appellant for filing his OIG complaints.[6]  We therefore find that the appellant satisfied the exhaustion requirement as to the three additional disclosures to OIG.  We must therefore determine whether the appellant nonfrivolously alleged that his disclosures to OIG constituted protected disclosures that were a contributing factor in one or more of the challenged personnel actions.  *See Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (the Board has jurisdiction over an

---

[5] We agree with the administrative judge that because the events at issue in this case took place before the effective date of the Whistleblower Protection Enhancement Act of 2012, the Board's jurisdiction in this IRA appeal is limited to claims of reprisal for whistleblowing under 5 U.S.C. § 2302(b)(8).  Therefore, the appellant's claim that the agency retaliated against him for filing OIG complaints in violation of 5 U.S.C. § 2302(b)(9) is not itself a basis for Board jurisdiction.  *Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 7 (2014).

[6] OSC is required to investigate all allegations of prohibited personnel practices, regardless of whether those allegations can form the basis of an IRA appeal before the Board.  5 U.S.C. § 1214(a)(1)(A).

IRA appeal if the appellant has exhausted his or her administrative remedies before OSC and makes nonfrivolous allegations that (1) he engaged in whistleblowing activity by making a protected disclosure and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action).

A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 6 (2016); 5 C.F.R. § 1201.4(s). The U.S. Court of Appeals for the Federal Circuit has found that, in the context of an IRA appeal, a nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020). Whether allegations are nonfrivolous is determined on the basis of the written record. *Bradley*, 123 M.S.P.R. 547, ¶ 6. Any doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of finding jurisdiction. *Id.*

A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of fact that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 6 (2016). The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.*; *see* 5 U.S.C. § 2302(b)(8). For the reasons set forth below, we find that the appellant has nonfrivolously alleged that each of his disclosures to OIG was protected.

On May 21, 2012, the appellant filed a complaint with OIG alleging that the agency violated its own procedures in suspending his clearance. IAF, Tab 1, Volume II at 616-19. On May 16, 2012, the appellant's commander informed him that his security clearance was being suspended temporarily and he was being placed on administrative leave pending an investigation into alleged misconduct. *Id.* at 603. In his OIG complaint, the appellant alleged that the suspension of his clearance violated the procedures set forth in the agency's internal rules. *Id.* at 617. According to the appellant, he was later informed that despite his commander's notice, his security clearance was not formally suspended. *Id.* at 74-76. Nevertheless, the appellant reasonably believed at the time he filed his OIG complaint that the agency had suspended his security clearance contrary to its own policies. We find the appellant has thus nonfrivolously alleged that he disclosed a violation of law, rule, or regulation, and that the disclosure in his first OIG complaint is therefore protected under 5 U.S.C. § 2302(b)(8).

The appellant filed a second OIG complaint 2 days after the first alleging that one of his supervisors was retaliating against him for meeting with OIG 2 days earlier. IAF, Tab 1, Volume II at 621-24. Specifically, the appellant alleged that shortly after he informed a management official that he had an appointment with OIG on May 21, the agency started a new security investigation into him. The appellant alleged that the facts giving rise to the investigation were known to the agency for 2 days, but the agency only initiated the investigation after it learned of the appellant's contact with OIG. *Id.* at 622. The facts as alleged by the appellant appear to support a reasonable belief that the agency was retaliating against him for his meeting with OIG. Such an action would be a violation of 5 U.S.C. § 2302(b)(9)(C), which makes it a prohibited personnel practice to retaliate against an employee for "cooperating with or disclosing information to the Inspector General of an agency . . . in accordance with applicable provisions of law." Under the law in effect at the time of the events at issue in this case, it was a protected whistleblowing disclosure to disclose to the

Inspector General of an agency "a violation of any law, rule, or regulation." 5 U.S.C. § 2302(b)(8)(B)(i) (2012).[7]   We therefore find that the appellant has nonfrivolously alleged that his second OIG complaint constituted a protected disclosure.

The appellant filed a third OIG complaint in early July 2012 seeking to compel the agency to produce documents he had requested under the Freedom of Information Act (FOIA).   IAF, Tab 1, Volume II at 24, 459.   The agency acknowledged that it received the appellant's FOIA request on May 2, 2012, and had not responded by May 31, 2012, as promised.   IAF, Tab 113 at 8, 18.   In response to inquiries from OIG about the status of the appellant's request, the agency indicated on July 5, 2012, that the request was still under review.   *Id*. at 21.   We therefore find that the appellant nonfrivolously alleged that, at the time he filed his third OIG complaint, he reasonably believed that the agency was violating FOIA by failing to timely respond to his request.

To satisfy the contributing factor criterion at the jurisdictional stage, an appellant only need raise a nonfrivolous allegation that the fact of, or content of, the protected disclosure was one factor that tended to affect the personnel action in any way.   *Ontivero v. Department of Homeland Security*, 117 M.S.P.R. 600, ¶ 21 (2012).   One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action.   *Id*.   The Board has held that a personnel action taken within

---

[7] Section 101(a)(2) of the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465, amended 5 U.S.C. § 2302(b)(8)(B)(i) to strike "a violation" and insert "any violation (other than a violation of this section)."   Thus, although disclosing a violation of section 2302 itself would not be a protected disclosure under the WPEA, it was a protected disclosure under the pre-WPEA law we are applying here.

approximately 1 to 2 years of the appellant's disclosures satisfies the knowledge/timing test. *Id.*, ¶ 23. We find that the appellant nonfrivolously alleged that his OIG disclosures were a contributing factor in at least some of the challenged personnel actions.

In a June 12, 2012 memorandum, the appellant's commander informed him that he would be loaned to work in another organization pending final action on investigations against him. IAF, Tab 1, Volume II at 633. In his memo, the commander acknowledged "matters and complaints [the appellant] raised through Inspector General channels at various levels of command." *Id.* This evidence is sufficient to establish that the appellant made a nonfrivolous allegation that the commander was aware of his May 21 and 23 complaints to OIG. Accordingly, we find that the appellant nonfrivolously alleged that his May 21 and 23 disclosures to OIG were a contributing factor in those personnel actions taking place on or after June 12, 2012, which include the loan itself as well as the 7-day suspension and the curtailment of the appellant's overseas assignment. As to the appellant's FOIA disclosure, the agency submitted email traffic that shows that it was aware of the appellant's complaint shortly after it was filed. IAF, Tab 113 at 17-25. Thus, we find that the appellant nonfrivolously alleged that his FOIA disclosure was a contributing factor in at least some of the challenged personnel actions, including the 7-day suspension and the curtailment of his overseas assignment. Accordingly, the appellant is entitled to have those claims of whistleblower reprisal adjudicated on the merits on remand.[8]

---

[8] The administrative judge found that the appellant failed to exhaust his administrative remedies as to several additional personnel actions, which she found were presented to OSC not as whistleblower reprisal, but as other prohibited personnel practices. ID at 9. On review, the appellant argues that the administrative judge should not have even included those personnel actions in her prehearing conference summary because he did not ask for them to be adjudicated in this appeal. PFR File, Tab 1 at 24. Because the appellant has indicated that he does not wish to pursue those additional personnel actions in this IRA appeal, we need not review the administrative judge's determination that those personnel actions were not exhausted before OSC.

<u>The administrative judge should consider the appellant's retaliatory investigation claims further on remand.</u>

The appellant argues that the administrative judge erred in failing to consider alleged retaliatory investigations as personnel actions. PFR File, Tab 1 at 7-8. He cites the Board's holding in *Russell v. Department of Justice*, 76 M.S.P.R. 317, 323-24 (1997), in support of this argument. However, the Board in *Russell* did not hold that investigations should be considered as separate personnel actions. Rather, the Board held that it will consider evidence regarding the conduct of an agency investigation when the investigation was so closely related to the personnel action that it could have been a pretext for gathering evidence to retaliate against an employee for whistleblowing activity. *Id.* The administrative judge's consideration of the agency's investigations in this case was consistent with that holding. ID at 13 (citing *Wadhwa v. Department of Veterans Affairs*, 111 M.S.P.R. 26, ¶ 9, *aff'd*, 353 F. App'x 434 (Fed. Cir. 2009), *overruled on other grounds by Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 16 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017)).

Nevertheless, we find that the administrative judge should consider on remand whether the appellant's claims regarding agency investigations are actionable in light of Board decisions issued since the initial decision in this case. Specifically, the Board clarified that, although an investigation is not a personnel action per se, an investigation can qualify as a personnel action in an IRA appeal if it amounts to a significant change in job duties, responsibilities, or working conditions under 5 U.S.C. § 2302(a)(2)(A)(xii). *Spivey v. Department of Justice*, 2022 MSPB 24, ¶¶ 10-13. The Board also clarified that only agency actions that, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities will be found to constitute a personnel action covered by section 2302(a)(2)(A)(xii). *Skarada*, 2022 MSPB 17, ¶ 16. On remand, the

administrative judge should consider whether the appellant can establish an additional personnel action under the standard set forth in *Spivey* and *Skarada*.

The appellant's remaining arguments have not established adjudicatory error.

The appellant also argues that the administrative judge erred by failing to address a grievance he filed. PFR File, Tab 1 at 8. To the extent the appellant is arguing that the administrative judge should have adjudicated the grievance as a separate personnel action, we find that the grievance was not among the personnel actions identified by the appellant in his initial appeal. IAF, Tab 1, Volume I at 5. Therefore, we find no error in the administrative judge's failure to adjudicate the grievance as an independent personnel action.

The appellant raises a number of arguments on petition for review relating to discovery. PFR File, Tab 1 at 24-27. In addition to challenging several of the administrative judges' actions, the appellant argues more broadly that both administrative judges assigned to the appeal demonstrated bias against him in their procedural and discovery rulings. *Id.*

In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if her comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 19 (2016). None of the rulings or actions cited by the appellant are sufficient to overcome the presumption of honesty and integrity, nor do they evidence a deep-seated favoritism or antagonism on the part of either administrative judge. We therefore find that the appellant has failed to establish administrative judge bias.

Putting aside the issue of bias, we next turn to the specific discovery matters raised by the appellant on petition for review. An administrative judge has broad discretion in ruling on discovery matters, and absent an abuse of discretion, the Board will not find reversible error in such rulings. *E.g., Kingsley v. U.S. Postal Service,* 123 M.S.P.R. 365, ¶ 16 (2016). For the reasons set forth below, we find that the appellant has not shown that the administrative judge committed any reversible error regarding discovery.

First, the appellant challenges the administrative judge's rulings regarding depositions he sought to take. PFR File, Tab 1 at 25. Specifically, the appellant sought an order from the administrative judge not only requiring that depositions take place, but also authorizing the appellant to record those depositions himself rather than hiring a court reporter to record or transcribe them. IAF, Tab 56 at 5. The administrative judge informed the appellant that he could conduct depositions "either in the presence of a certified court reporter or upon written questions." IAF, Tab 61 at 2. The appellant moved for certification of an interlocutory appeal regarding his request to self-record depositions, IAF, Tab 65, but the administrative judge denied that motion, IAF, Tab 66. In denying the appellant's motion, the administrative judge explained that the appellant was free to interview witnesses without a court reporter present, but that any audio recording or "unqualified transcription" of such interviews would not be admissible. IAF, Tab 66 at 2. The administrative judge's rulings regarding depositions are consistent with the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 28(a) (limiting the individuals before whom a deposition may be taken), which may be used as a general guide for discovery practices in Board proceedings, *see Special Counsel v. Zimmerman,* 36 M.S.P.R. 274, 286 (1988). We therefore find no abuse of discretion in the administrative judge's rulings regarding depositions. We also agree with her determination that the criteria for certifying an interlocutory appeal were not met. *See Robinson v. Department of*

*the Army*, 50 M.S.P.R. 412, 418 (1991); 5 C.F.R. § 1201.92 (setting forth the criteria for certification of an interlocutory appeal).

The appellant also argues that the administrative judge improperly delayed her ruling on the agency's assertion of the deliberative process privilege and that she otherwise erred in failing to compel discovery or sanction the agency for its inadequate discovery responses. PFR File, Tab 1 at 25-26. However, we find that he has not shown any abuse of discretion in the administrative judge's handling of discovery matters. Because we are remanding this appeal for further adjudication, we need not address the appellant's arguments challenging the administrative judge's findings on the merits of his whistleblower reprisal claims.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. The administrative judge shall afford the appellant a hearing on remand if he requests one.

*Jennifer Everling*

FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.